IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIELA GONZALEZ, | ) | |
| | ) | C.A. NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| E.I. DUPONT NEMOURS & COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, Mariela Gonzales, is an adult Hispanic individual who resides at 551 Little Ridge Lane, Apt 102, Raleigh, NC 27609.

2. Defendant, E.I. Dupont Nemours & Company is a Delaware corporation with an address of 1007 Market Street, D-4076 Dupont Legal, Wilmington, DE 19898.

## JURISDICTION AND VENUE

3. This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiff by 42 U.S.C. §1981, as well as a breach of a contract claim and a common law claim brought pursuant to state law.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(3) and 1343(4), conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights. The Court's pendent jurisdiction of claims arising under Delaware law is invoked pursuant to 28 U.S.C. 1367(a).

5. Venue lies in this Court pursuant to 28 U.S.C. §1391 because defendant is subject to personal jurisdiction in this district.

## FACTS

6. On or about January 3, 2005 plaintiff, a Hispanic woman, began employment with E.I. Dupont Nemours & Company in the capacity as a Chemical Operator. Plaintiff was treated differently than other employees due to her race and gender. Plaintiff was one of a new group of 40 employees. She was one of three women in this group.

7. As an employee, Plaintiff was paid $16.67 per hour to start, however, her salary was decreased for reasons that were never explained to her. Other employees are provided computer access so that they may receive e-mail and employee information from the company. Plaintiff could not access the time entry system to determine why there was a decrease in her pay. Requests by plaintiff to allow her access to the system went ignored by her Supervisors and Managers. Plaintiff was the only new hire who was without computer access.

8. New employees at E.I. Dupont Nemours are given five (5) pairs of pants, five (5) shirts, a coat and two (2) jumpsuits. Plaintiff was not given uniforms but was told they were on order. Plaintiff was able to obtain two (2) sets of temporary overalls given to her by a friend from another department within the company. Everyone hired at the same time as Plaintiff had their work clothes at the end of 4 months. Plaintiff never received her uniforms.

9. On or about February 28, 2005, Plaintiff received her first evaluation, a three month review, by Team Manager Clarissa Hart. That evaluation was good, but was based only on Plaintiff's time training and no operational hours.

10. Plaintiff was awarded a $50 bonus voucher.

11. On or about April 5, 2005, Plaintiff received her second evaluation by her Team

Supervisor, Paul Kaiser. Plaintiff was given a "Needs Improvement" however, she was awarded another $50 bonus.

12. When Plaintiff questioned her supervisor, Paul Kaiser about the rating of "Needs Improvement" she was told that it was because she was reading books on her break. Others were allowed to read newspapers on their breaks without comment from management.

13. When she spoke to Paul Kaiser regarding the books she was reading, he informed her that it was "No big deal"

14. Plaintiff asked Mr. Henry Wise, a trainer, if he noticed anything lacking in her work. He informed her no and he explained that he was not asked for his opinion regarding her evaluation.

15. Plaintiff was awarded another $50 bonus voucher for her work performance.

16. Coworkers, who worked with her on a daily basis, constantly told her about her outstanding progress.

17. Plaintiff was given several written tests by her instructor, Jerry Murphy, and scored among the highest in her training class.

18. On or about June 9, 2005, Plaintiff was reviewed for a third time by her new Supervisor, Tony Calvirei, who rated her as "Absolutely no good."

19. Prior to this third review, Plaintiff never worked with or around Tony Calvirei. Plaintiff has no knowledge of how Mr. Calvirei was able to perform a review or what the basis of his opinion was.

20. Defendant, through Supervisor Tony Calvirei, deliberately falsified information on plaintiff's review to create a basis to terminate plaintiff. Defendant did so in a malicious

manner based on Plaintiff's gender and race.

21. As a result of her June 9, 2005 evaluation, Plaintiff redoubled her efforts to respond to the negative review and show improvement.

22. About a week before Plaintiff was terminated Tony Clavirei thanked her for going beyond the call of duty and recognized her efforts during a team meeting.

23. On or about June 28, 2005, two days prior to the end of her probationary period, without cause or reasonable justification E.I Dupont Nemours terminated Plaintiff's employment on an immediate basis. Defendant terminated Plaintiff at that time to avoid having plaintiff advance from her probationary period.

## COUNT I.

### RACIAL AND GENDER DISCRIMINATION UNDER 1981.

24. The averments of paragraphs 1 through 23 are incorporated be reference as if fully set forth at length.

25. Defendant's action and its treatment of plaintiff was based on racial and gender discrimination and constitute a violation of 42 U.S.C. 1981.

WHEREFORE, Plaintiff requests legal and equitable relief including:

   a) injunctive relief against further acts of discrimination and requring Defendant to provide employment discrimination training to its employees;

   b) front pay;

   c) back pay with interest;

   d) compensatory damages for Plaintiff's humiliation, aniety, emotional distress, costs for therapy and medication, lost wages and benefits;

  e)  punitive damages;

  f)  attorneys fees and costs.

## COUNT II.

### BREACH OF CONTRACT

**Breach of Duty of Good Faith and Fair Dealing**

26. Paragraphs 1-25 of Plaintiffs' Complaint are incorporated herein by reference as though set forth at length.

27. The contract of employment between Ms. Gonzalez and E. I. DuPont Nemours & Company was subject to a duty of good faith and fair dealing by both parties thereto.

28. Defendants specifically and repeatedly took actions in violation of public policy that were motivated by their ill will against plaintiff and were taken to deny her continual employment.

29. Defendant's actions, included but are not limited to,

  falsifying information for plaintiff's employment review without justification so as to create a basis to terminate plaintiff;

30. These actions denied Plaintiff a permanent position with E. I. DuPont Nemours & Company, even though she was qualified for the position.

31. By their actions and conduct as set forth herein, the defendants breached the duty of good faith and fair dealing arising and accompanying Ms. Gonzalez's contract of employment with E.I. DuPont Nemours & Company.

32. As a direct and proximate result of the conduct of the defendants as outlined above, Ms. Gonazalez was damaged as set forth herein.

WHEREFORE, Plaintiff requests legal and equitable relief including:

a) injunctive relief against further acts of discrimination and requring Defendant to provide employment discrimination training to its employees;

b) front pay;

c) back pay with interest;

d) compensatory damages for Plaintiff's humiliation, aniety, emotional distress, costs for therapy and medication, lost wages and benefits;

e) punitive damages;

f) attorneys fees and costs.

NOLTE & ASSOCIATES

**R. STOKES NOLTE, ESQUIRE**
ID No. 2301
Nolte & Associates
1010 N. Bancroft parkway Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for Plaintiff

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I. (a) PLAINTIFFS:** Mariela Gonzales

**DEFENDANTS:** E.I. Dupont Nemours + Co

**(b)** County of Residence of First Listed Plaintiff: Wake
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number): R. Stokes Nolte, 1010 Bancroft Pkwy, Suite 21, Wilmington, DE 19805  302-777-1700

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an 'X' in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer w/Disabilities - Employment
- ☐ 446 Amer w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION:** Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC 1981
Brief description of cause: Wrongful termination based on race and Gender

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4-25-07
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____