IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIELA GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-219 (JJF) |
| ) | |
| v. ) | |
| ) | |
| E. I. DU PONT DE NEMOURS & ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant E. I. du Pont de Nemours and Co., Inc. ("DuPont") hereby responds as follows to the Complaint filed in the above captioned matter:

1. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. The allegations of this paragraph are admitted.

### Jurisdiction and Venue

3. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

4. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

5. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

## Facts

6. DuPont admits that Plaintiff is a woman of Hispanic descent and that she began employment with DuPont on or about January 3, 2005 as a Chemical Operator. DuPont denies the allegations contained in the second sentence of this paragraph, and specifically denies that Plaintiff was subject to any discriminatory conduct while an employee of DuPont. DuPont admits that Plaintiff was one of 37 operators who began working in various production areas throughout the site on or about January 3, 2005, and that she was one of three women in this group. The remainder of the allegations contained in this paragraph are denied as stated.

7. DuPont denies the allegations contained in this paragraph.

8. DuPont denies the allegations contained in this paragraph.

9. DuPont admits that on or about February 28, 2005, a 60-day performance evaluation was prepared for Plaintiff by Carissa Hirt, a Production Team Manager, based on information supplied by employees who were charged with training Plaintiff and that the evaluation stated that Plaintiff's overall performance was satisfactory. The remainder of the allegations contained in this paragraph are denied as stated.

10. DuPont admits that Plaintiff, as a member of a team of operators, received a $50 gift certificate as part of a DuPont award program. The remainder of the allegations of this paragraph are denied as stated.

11. DuPont admits that on or about April 5, 2005, Plaintiff's supervisor, Paul Kaiser, presented her 90-day evaluation, which stated that her overall performance had dropped from satisfactory to needs improvement. DuPont further admits that Plaintiff,

again as one of a team of operators, received a second $50 gift certificate. The remainder of the allegations of this paragraph are denied as stated.

12. DuPont denies each and every allegation contained in this paragraph.

13. DuPont denies the allegations contained in this paragraph.

14. DuPont denies the allegations contained in this paragraph, and specifically denies that Henry Wise is a trainer.

15. DuPont admits that Plaintiff, again as one of a team of operators, received a third $50 gift certificate. The remainder of the allegations of this paragraph are denied as stated.

16. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. DuPont admits that, as part of her training, Plaintiff was given several written tests. The remainder of the allegations of this paragraph are denied as stated.

18. DuPont admits that on or about June 9, 2005, Mr. Kaiser presented Plaintiff with her last performance evaluation, which stated that her overall performance had dropped from needs improvement to unsatisfactory. The remainder of the allegations of this paragraph are denied.

19. DuPont denies the allegations contained in this paragraph.

20. DuPont denies each and every allegation contained in this paragraph.

21. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. DuPont denies that Plaintiff's performance improved in any significant way.

22. DuPont denies the allegations contained in this paragraph.

23. DuPont admits that on or about June 28, 2005, during the probationary period, Plaintiff's employment with DuPont was terminated based on her poor work performance. The remainder of the allegations of this paragraph are denied.

### Count I: 42 U.S.C. § 1981

24. DuPont incorporates its responses to paragraphs 1 through 23.

25. DuPont denies each and every allegation contained in this paragraph.

### Count II: Breach of Contract

26. DuPont incorporates its responses to paragraphs 1 through 25.

27. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

28. DuPont denies each and every allegation contained in this paragraph.

29. DuPont denies each and every allegation contained in this paragraph.

30. DuPont denies each and every allegation contained in this paragraph.

31. DuPont denies each and every allegation contained in this paragraph.

32. DuPont denies each and every allegation contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's conduct toward and treatment of Plaintiff was at all times based upon reasonable, legitimate, and non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any adverse employment action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity known by the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages, no financial loss or any other injury.

### SIXTH AFFIRMATIVE DEFENSE

Any injury allegedly suffered by Plaintiff does not constitute emotional distress.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages she alleged she has suffered.

### NINTH AFFIRMATIVE DEFENSE

Defendant had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which Plaintiff failed to utilize to alleviate herself of the alleged harassing and/or discriminatory behavior.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to exhaust her administrative remedies.

WHEREFORE, DuPont respectfully requests that this Court enter judgment in its favor and against plaintiff:

(a) Dismissing the complaint with prejudice;

(b) Awarding it costs and attorneys fees; and

(c) Granting such other and further relief as the Court deems just and proper.

        POTTER ANDERSON & CORROON LLP

By: */s/ Kathleen Furey McDonough*
    Kathleen Furey McDonough (I.D. 2395)
    Sarah E. DiLuzio (I.D. 4085)
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Telephone:  (302) 984-6000
    Telefax:  (302) 658-1192
    kmcdonough@potteranderson.com
    sdiluzio@potteranderson.com

Attorneys for Defendant
E.I. du Pont de Nemours and Company

Dated:  June 26, 2007
764562

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document has been filed and is available for viewing and downloading:

R. Stokes Nolte, Esquire
Nolte & Associates
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805

*/s/ Kathleen Furey McDonough*
Kathleen Furey McDonough (DSB ID No. 2395)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware  19899-0951
Tel:  (302) 984-6000
E-mail:  kmcdonough@potteranderson.com

764562